**HAMILTON COUNTY BANK,**
Defendant-Appellant,

v.

**HINKLE CREEK FRIENDS CHURCH,**
Plaintiff-Appellee.

No. 2–1184A345 [1].

Court of Appeals of Indiana,
First District.

May 28, 1985.

Rehearing Denied July 8, 1985.

1. This case has been diverted from the Second District by direction of the Chief Judge.

Jack G. Hittle, Debra A. Hovde, Church, Roberts & Beerbower, Noblesville, for defendant-appellant.

Frank E. Spencer, Indianapolis, for plaintiff-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Defendant-appellant, Hamilton County Bank (Bank), appeals from a judgment and assessment of punitive damages in favor of plaintiff-appellee, Hinkle Creek Friends Church (Hinkle Creek), by the Hamilton Circuit Court.

We reverse.

## STATEMENT OF THE FACTS

This case arose out of a dispute between Hinkle Creek and its superior body, Western Yearly Meeting of Friends Church (Yearly Meeting), which ultimately came before this court. *See Hinkle Creek Friends Church v. Western Yearly Meeting of Friends Church*, (1984) Ind.App., 469 N.E.2d 40. Bank, which had on deposit certain funds of Hinkle Creek, was notified orally and in writing in March of 1982 that Yearly Meeting was reducing the status of Hinkle Creek and thereby "The title to all real estate, tangible personal property, and all financial assets heretofore under the title or control of Hinkle Creek Monthly Meeting of Friends is hereby vested in Western Yearly Meeting ..." The Bank responded by putting a hold on Hinkle Creek's account. On March 15 a return check notice was sent to Hinkle Creek stating a check had been dishonored because there was a hold on the account. Hinkle Creek's clerk thereafter met with the president of Bank and was informed Hinkle Creek's funds would be frozen until some decision was reached as to which organization had control of the accounts. The clerk

testified he felt Bank's president was acting in good faith, trying to understand the problem. Yearly Meeting paid Hinkle Creek's dishonored check.

Bank's president said he felt obligated to inquire as to the truth of the statements in the Yearly Meeting minutes and placed the hold on Hinkle Creek's account after consulting with Bank's attorney. Both Bank's president and the vice-president of another bank testified such was the normal procedure when a dispute as to ownership of a group account arises.

On March 29, 1982 Hinkle Creek filed suit to recover its funds from Bank. It thereafter amended its complaint to include a prayer for punitive damages. On May 13 Bank filed a motion to consolidate this suit with the cause of action brought by Yearly Meeting on May 7 for declaratory relief against Hinkle Creek and Bank, for the reason that all interested parties had been joined in that action. *See Hinkle Creek, supra.* The motion stated Bank "claims no interest in the funds [of Hinkle Creek, at that time on hold], but is not sufficiently advised as to whether [Hinkle Creek], or some other party, may be entitled to the funds". Hinkle Creek fought all efforts of Bank to consolidate the actions. On July 17 the Hancock Circuit Court refused to accept this case, consolidated with Yearly Meeting's suit which involved a request for determination as to the rightful ownership of the funds. On August 20 Bank filed its answer to Hinkle Creek's amended complaint, stating as an affirmative defense that it had no interest in the funds but Hinkle Creek had failed to join all necessary parties. That day Bank filed a third-party complaint for interpleader with the Hamilton Circuit Court. On September 27 this court ordered the relevant funds held by Bank to be paid into the office of the Clerk of the Hancock Circuit Court, to be relinquished to the true owner following the trial on Yearly Meeting's suit. Thereafter, the third-party complaint was dismissed and trial was held on the issue of punitive damages on June 6, 1984. Judgment and assessment of $1500.00 punitive

damages in favor of Hinkle Creek was entered on July 20, 1984.

As ownership of the contested funds was previously determined by this court the only issue presently before us is the propriety of the assessment of punitive damages. *See Hinkle Creek, supra.*

■ In order to warrant punitive damages, conduct on the part of the defendant reflecting malice, fraud, gross neglect, oppression or bad faith must be shown by clear and convincing evidence. *Travelers Indemnity Company v. Armstrong,* (1982) Ind., 442 N.E.2d 349. Where a good faith dispute exists as to the proper course of action, punitive damages will not lie. *See First Federal Savings and Loan Association of Indianapolis v. Mudgett,* (1979) Ind.App., 397 N.E.2d 1002; *Jones v. Abriani,* (1976) 169 Ind.App. 556, 350 N.E.2d 635. Even if Bank's evaluation of the situation was erroneous and its action inflicted injury upon Hinkle Creek, punitive damages would be inappropriate absent proof Bank's conduct "embodie[d] a consciousness of intended or probable effect calculated to unlawfully injure the ... property rights" of Hinkle Creek. *Mudgett* at 1008. Moreover, "some evidence should be required that is inconsistent with the hypothesis that the tortious conduct was the result of a mistake of law or fact, honest error of judgment, overzealousness, mere negligence or other such noniniquitous human failing". *Traveler's Indemnity* at 362. Thus, in order for Hinkle Creek to prevail on its claim for punitive damages it must show Bank froze funds with knowledge it had no legitimate basis for so doing. *Town & Country Mutual Insurance Company v. Hunter,* (1985) Ind.App., 472 N.E.2d 1265. Necessarily then, the fact Bank's president sought the advice of counsel before acting is relevant as it relates to his knowledge and intent when acting on behalf of Bank.

■ Although no case on punitive damages in this state has applied the defense of advice of counsel, we think such is applicable. As in malicious prosecution actions, the fact that a party procures and acts upon the advice of an attorney is competent evidence tending to rebut malice and bad faith. *See also Harper v. Goodin,* (1980) Ind.App., 409 N.E.2d 1129. Several other jurisdictions have held that good faith reliance on the advice of counsel may prevent imposition of punitive damages. *Henderson v. United States Fidelity and Guaranty Company,* (5th Cir.1983) 695 F.2d 109; *Pre-Fit Door, Inc. v. Dor-Ways, Inc.,* (1970) 13 Ariz.App. 438, 477 P.2d 557, 560; *Ferris v. Employers Mutual Casualty Company,* (1963) 255 Iowa 511, 122 N.W.2d 263; *Fox v. Aced,* (1957) 49 Cal.2d 381, 317 P.2d 608; *Perkins v. Stephens,* (1957) 131 Mont. 138, 308 P.2d 620; 22 Am.Jur.2d *Damages,* Sec. 253 (1965). We agree, so long as the evidence shows full disclosure of the situation and good faith reliance on the advice procured, for an honest purpose. *Harper, supra.* However, such is not an absolute defense.

■ Here, the uncontroverted evidence is that a real dispute existed over ownership of Hinkle Creek's assets. When informed of this, Bank consulted with its attorney and upon his advice, froze Hinkle Creek's funds. It was uncontested that this is the normal procedure followed in such situations. Bank at no time asserted an interest in the funds and zealously pursued a course of action to join the funds with their rightful owner.

IND.CODE 28-1-20-1.1 is, by its plain language, permissive in regard to obeying the directives of a depositor. "Any bank ... *may,* without regard to the notice [of an adverse claim to an account] ... honor the order or instructions of the depositor ..." and "nothing herein contained prevents any bank ... from paying the fund in controversy into court and using interpleader thereto ..." Thus, Bank had the option of ignoring Yearly Meeting's notice and honoring demands made by Hinkle Creek unless one of the four exceptions in IND.CODE 28-1-20-1.1(a)(1)-(4) was applicable. Bank chose to use interpleader, which was judicially economical, as Yearly Meeting had brought suit to have the ownership dispute resolved.

We find, in light of the uncontroverted facts, the trial court erred in assessing punitive damages against Bank and such are hereby dismissed.

Judgment reversed.

RATLIFF, P.J., and ROBERTSON, J., concur.